**UNITED STATES of America, Appellee,**

v.

**Gary WASHINGTON and Jeffrey Shepard, Defendants–Appellants.**

**Nos. 65, 66, Dockets 88–1108, 88–1117.**

United States Court of Appeals, Second Circuit.

Argued Oct. 7, 1988.

Decided Nov. 1, 1988.

Eugene Neal Kaplan, New York City (Kaplan, Thomashower & Landau, New York City, on the brief), for defendant-appellant Washington.

Stewart Leigh Orden, New York City (Orden & Cohen, New York City, on the brief), for defendant-appellant Shepard.

Julie Copeland, Asst. U.S. Atty., Brooklyn, N.Y. (Andrew J. Maloney, U.S. Atty., David C. James, Asst. U.S. Atty., Brooklyn, N.Y., on the brief), for appellee.

Before LUMBARD, NEWMAN and KEARSE, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

Gary Washington and Jeffrey Shepard appeal from judgments of the District Court for the Eastern District of New York (I. Leo Glasser, Judge) convicting them, after a jury trial, of various offenses in connection with theft of goods from foreign commerce. Though most of the claims asserted on appeal require little or no discussion, we write briefly to consider a problem of merged offenses that arises where, as here, a defendant is convicted of one theft and of possession of proceeds of both that theft and another theft of which he is not convicted. For reasons that follow, we affirm the judgments of the District Court.

The appellants were arrested on March 11, 1988, in Queens by New York City police officers Gerald Walsh and Michael Huckabey. The officers, responding to a report of a stolen van, spotted a parked van with the license plate of the stolen vehicle. The officers found the two appellants inside the van, looking through boxes con-

taining electrical equipment and fabric. These boxes had been stolen from a warehouse at John F. Kennedy International Airport. The fabric had been stolen on March 8 and the electrical equipment on March 11. The officers arrested the appellants and took them to a police station, where they were photographed and fingerprinted.

Appellants were indicted for four offenses—conspiracy to violate 18 U.S.C. § 659 (1982) by stealing goods from foreign commerce (count one) and substantive violations of section 659 by stealing goods on March 8 (count two), stealing goods on March 11 (count three), and possessing stolen goods on March 11 (count four), all charges alleged to concern goods worth more than $100. The jury convicted on the conspiracy charge, the substantive theft charge for March 11, and the possession charge, and acquitted on the theft charge for March 8. Appellants were sentenced to five years on count one, a concurrent term of nine years on count three, and probation on count four.

■ The merged offense issue arises because of the rule that as a matter of statutory construction a defendant may not be convicted for both theft and possession of the goods obtained in the theft. That rule, acknowledged by the Government, was set forth in *United States v. DiGeronimo*, 598 F.2d 746 (2d Cir.), *cert. denied*, 444 U.S. 886, 100 S.Ct. 180, 62 L.Ed.2d 117 (1979), with respect to convictions under the Hobbs Act, 18 U.S.C. § 1951 (1982), for robbery and possession of the proceeds of the robbery. *See United States v. Gaddis*, 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976); *Milanovich v. United States*, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961); *Heflin v. United States*, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959). Appellants contend that conviction on the possession count must be vacated since that count charged possession of goods that included

the fruits of the March 11 theft, for which they were also convicted.

■ The *DiGeronimo* rule does not aid the appellants in their effort to have the possession conviction vacated, although it would have provided the basis for a jury instruction on this aspect of the case, had one been requested. Count four charged possession on a single date of the stolen goods found in the van, goods that were the fruits of both the March 8 and the March 11 thefts. Thus, the jury, without violating the principle of *DiGeronimo*, was entitled to convict the appellants of the March 11 theft and also of possessing the fruits of the March 8 theft. But, appellants contend, it is possible that the jury convicted on the possession count by focusing only on possession of the goods taken in the March 11 theft. That possibility seems unlikely in a case such as this where the fruits of the two thefts were possessed at the same time and place, and no plausible basis existed for differentiating between the fruits of the two thefts in assessing the appellants' guilt on the possession count.[1]

■■ Nevertheless, it is the rule that where a conviction might rest on an impermissible basis, a conviction may not stand, despite the availability in the evidence of a valid basis for the conviction. *See Stromberg v. California*, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117 (1931). The *Stromberg* principle does not aid the appellants, however, because they failed to request a jury instruction that would have limited the jury's consideration of the possession charge to the proceeds of the March 8 theft, once the jury convicted for the March 11 theft. We have held in a series of cases that where an impermissible basis of conviction arises from an insufficiency of evidence and a valid basis remains on an alternative theory, a defendant must request the trial judge not to submit the invalid basis to the jury or else the objection will be deemed waived. *See United States v.*

---

**1.** The Government is no doubt correct in speculating that had the grand jury framed separate counts for possession of the proceeds of each theft, the appellants would be raising a different multiplicity objection, complaining that the appropriate unit of prosecution is the single act of possession on March 11.

*Cunningham,* 723 F.2d 217, 227 (2d Cir. 1983), *cert. denied,* 466 U.S. 951, 104 S.Ct. 2154, 80 L.Ed.2d 540 (1984); *United States v. Bonacorsa,* 528 F.2d 1218, 1221–22 (2d Cir.), *cert. denied,* 426 U.S. 935, 96 S.Ct. 2647, 49 L.Ed.2d 386 (1976); *United States v. Goldstein,* 168 F.2d 666, 671–72 (2d Cir. 1948). Though a divided panel has held that this rule does not apply to the invalidity of a basis of conviction resulting from failure validly to allege an offense, *see United States v. Ruggiero,* 726 F.2d 913, 921–23 (2d Cir.1984), appellants do not contend that count four fails to allege an offense with respect to possession of the fruits of the March 11 theft. Their point is similar to a claim of insufficiency of evidence: Once the jury convicted for the March 11 theft, the evidence of possession of the fruits of that theft is insufficient to support a possession charge.

■ In this case, and in cases raising similar merger problems, an appropriate instruction would have told the jurors to consider first the theft counts, then proceed to the possession counts only if they did not convict on both theft counts, and, in that event, to consider only the goods possessed from the one or more thefts for which there was not a theft conviction. Had such a charge been requested and denied, the error might well have required invalidation of the possession conviction and arguably the theft conviction as well. *See Milanovich v. United States, supra,* 365 U.S. at 554–55, 81 S.Ct. at 729–30. However, it is not plain error to fail to give such a charge. In light of *Cunningham, Bonacorsa,* and *Goldstein,* appellants waived the point by failing to request that the jury's attention be precisely focused on the evidence that showed possession of goods only from the March 8 theft.

■ Appellants' other claims require little discussion. The District Judge acted well within his discretion in permitting the prosecution to reopen its case immediately after it had rested to have Officer Walsh identify the two appellants as the same people he had arrested on March 11. *See United States v. Bennett,* 709 F.2d 803, 806 (2d Cir.), *cert. denied,* 469 U.S. 1075,

105 S.Ct. 572, 83 L.Ed.2d 512 (1983). We are not persuaded by the claim that the prosecution deliberately failed to elicit this testimony from Walsh during his initial testimony. Appellants were accorded a *Wade* hearing, and Judge Glasser was fully entitled to conclude that the circumstances of the arrest provided Walsh with a basis to identify the appellants, independent of his observation of them in the courtroom.

We have considered appellants' remaining claims and conclude that none has merit.

The judgments of the District Court are affirmed.