**UNITED STATES of America,**
**Appellee,**

v.

**Donald J. ANSON, Defendant–**
**Appellant.**

No. 07–0377–cr.

United States Court of Appeals,
Second Circuit.

Oct. 15, 2008.

District Court be **AFFIRMED** and the case **REMANDED** only for reconsideration or explanation of the District Court's decision to impose a consecutive sentence for Anson's possession of a computer containing child pornography (count 4).

Tiffany H. Lee, Assistant United States Attorney (Terrance P. Flynn, United States Attorney, on the brief), United States Attorney for the Western District of New York, Rochester, NY, for Appellee.

Katherine Alfieri, New York, NY, for Defendant–Appellant.

PRESENT: JOSÉ A. CABRANES, ROSEMARY S. POOLER and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Donald J. Anson appeals from a judgment of conviction of two counts of transporting child pornography in violation of 18 U.S.C. § 2252A(a)(1), one count of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), one count of possessing a computer that contained child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), and thirty-eight counts of possessing child pornography that had been transported by computer in violation of 18 U.S.C. § 2252A(a)(5)(B). He was sentenced principally to 288 months' imprisonment—including a forty-eight month consecutive term of imprisonment for possessing a computer containing child pornography (count 4)—and a lifetime term of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Anson raises twenty-one issues on appeal that we group into ten thematic categories.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the

First, he challenges, pursuant to the Fourth Amendment, the search of his home and the seizure of his computer and thirty-nine CD–ROMs, thirty-eight of which contained child pornography. He argues that the search warrant was invalid because (a) the affidavit that supported it was riddled with alleged half truths and omissions and (b) there was no probable cause to issue the warrant. He also argues that the inspection of the computers and CD–ROMs seized during the search took place after the warrant had expired. None of these arguments has merit. With respect to the affidavit in support of the search warrant, the record is devoid of evidence suggesting that it contained information that "the affiant knew was false or would have known was false except for his reckless disregard of the truth," *United States v. Leon*, 468 U.S. 897, 923, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), and the information that it did contain was sufficient, in our view, to support a finding of probable cause to search Anson's residence. The claim that the inspection of the computers and CD–ROMs was untimely is contradicted by the August 2, 2004 Order Amending Search Warrant, which permitted the government to retain the "computers and computer-related equipment" without temporal limitation. Accordingly, Anson's Fourth Amendment claims are without merit.

Second, Anson contends that the District Court erred by not suppressing, pursuant to the Fifth Amendment and *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), inculpatory statements that he made to the police during the search of his home. As Anson recognizes, the District Court's ruling turned "principally upon credibility determinations" made by a magistrate judge. Appellant's Br. 30. Because we see nothing clearly erroneous in these determinations, Anson's Fifth Amendment and *Miranda* claims

must fail. *See Anderson v. Bessemer City*, 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985) ("[W]hen a trial judge's finding is based on his decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error.").

Third, Anson challenges the sufficiency of the indictment, arguing that it lacked specificity and contained both multiplicitous and duplicitous charges.

Anson bases his specificity challenge on the indictment's asserted failure to describe in detail the images that correspond to each count of the indictment and the dates on which they were received. There is no merit to this contention because the indictment described the materials at issue—contained on the computer hard drive and CD–ROMs—and the charges based thereon "with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." *United States v. Walsh*, 194 F.3d 37, 44 (2d Cir.1999) (quotation marks omitted); *see also United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir.1992) ("[A]n indictment must be read to include facts which are necessarily implied by the specific allegations made." (quotation marks omitted)).

Anson's multiplicity claim turns on his assertion that "the non-specific allegations in Count 3 encompassed precisely the same child pornography alleged in Counts 4 through 43." Appellant's Br. 39. "An indictment is multiplicitous if it charges the same crime in two [or more] counts." *United States v. Ansaldi*, 372 F.3d 118, 124 (2d Cir.2004). "When, as here, the

same statutory violation is charged twice, the question is whether the facts underlying each count were intended by Congress to constitute separate 'units' of prosecution." *Id.* In Count 3, the grand jury charged Anson with receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). Counts 4 through 43 set forth multiple violations of a separate statutory provision, 18 U.S.C. § 2252A(a)(5)(B), possession of child pornography, based on images stored on the hard drive of Anson's computer and on thirty-eight CD–ROMs. Because § 2252A(a)(2)(A) prohibits the receipt of "any child pornography," each pornographic image received could constitute a separate "unit" of prosecution. Similarly, the prohibition of the possession of "any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography," set forth in § 2252A(a)(5)(B), lends itself to treating each book, magazine, or other material—in this case a computer hard drive and thirty-nine CD–ROMs—as separate "units" of prosecution. With respect to the possible overlap of Count 3 with Counts 4 through 43, nothing in the indictment indicates that the same image or images underlying the receipt charge (Count 3) must also underlie the possession charges (Counts 4 through 43). Accordingly, the indictment did not charge Anson with the same crime in multiple counts.

■ Leaving no stone unturned, Anson also contends that, in Counts 1, 2, and 3, the indictment was duplicitous—that is, it "join[ed] two or more distinct crimes in a single count." *United States v. Aracri,* 968 F.2d 1512, 1518 (2d Cir.1992). He argues that "[b]ecause each 'transportation' [as charged in Counts 1 and 2] or 'receipt' [as charged in Count 3] of child pornography is a separate criminal incident under 18 U.S.C. §§ 2252A(a)(1) and (a)(2)(A), each of these counts necessarily alleges multiple criminal offenses in a single count." Appellant's Br. 40–41. For the reasons set forth in the preceding paragraph, we agree with Anson's position that each instance of his repeated transportation and receipt of child pornography *could* have been charged separately, but we part ways with Anson on the question of whether each instance *must* have been so charged. As we explained in *United States v. Moloney,* "criminal charges may aggregate multiple individual actions that otherwise could be charged as discrete offenses as long as all of the actions are part of 'a single scheme.'" 287 F.3d 236, 240 (2d Cir.2002) (quoting *United States v. Margiotta,* 646 F.2d 729, 733 (2d Cir. 1981)). Insofar as Anson's transportation and receipt of child pornography through the internet constitute a single scheme to obtain that illegal pornography, we perceive no basis to conclude that Counts 1, 2, and 3 were duplicitous.

■ Fourth, Anson complains that his rights under the Speedy Trial Act, 18 U.S.C. §§ 3161–3174, were violated when the District Court excluded time (a) for the period during which Anson absconded from the jurisdiction and (b) in the interest of justice, as agreed upon by the parties. We disagree. Pursuant to Section 3161, "[a]ny period of delay resulting from the absence or unavailability of the defendant," 18 U.S.C. § 3161(h)(3)(A), and any "delay resulting from transportation of any defendant from another district," *id.* § 3161(h)(1)(H), "shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence," *id.* § 3161(h). That Anson's flight from the jurisdiction falls squarely within these provisions is plain. We also conclude that

each period of time excluded by the District Court pursuant to § 3161(h)(8)(A) was adequately supported by the magistrate judge's "finding that the ends of justice served by the granting of [the] continuance outweigh the best interests of the public and the defendant in a speedy trial." Anson's rights under the Speedy Trial Act were not violated.

■ Fifth, Anson accuses the District Court of depriving him of his Sixth Amendment right to self-representation by persuading him to withdraw his eleventh-hour request to discharge his retained defense counsel and proceed *pro se.* While the District Court's explanation of the pitfalls of self-representation was forceful, it was consistent with our instructions that district courts "should conduct a full and calm discussion with defendant during which he is made aware of the dangers and disadvantages of proceeding *pro se.*" *United States v. Fore,* 169 F.3d 104, 108 (2d Cir.1999) (internal quotation marks omitted). No constitutional violation resulted from the District Court's candid observations in this case.

Sixth, Anson contends that the admission into evidence of hearsay statements pertaining to the ages and geographic location of the children depicted in Anson's collection of pornographic images constituted a violation of his rights under the Confrontation Clause. *See Crawford v. Washington,* 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004) ("Where testimonial evidence is at issue, . . . the Sixth Amendment demands . . . unavailability and a prior opportunity for cross-examination."). Assuming *arguendo* that the hearsay statements at issue here were testimonial and that they were admitted in violation of the Confrontation Clause, we conclude that the admission of the statements was harmless error. *See* Fed. R.Crim.P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). "In order to disregard an error of constitutional dimension, we must be convinced that the error was harmless beyond a reasonable doubt." *United States v. Reifler,* 446 F.3d 65, 87 (2d Cir.2006) (citing *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)). We reach this conclusion because the officers could have testified to the ages of the children based on their direct observation of the children or on their inspection of the relevant birth certificates or other documentary evidence. Similarly, the hearsay statements pertaining to where the pictures were taken were cumulative evidence of the interstate commerce element, in light of the testimony that Anson retrieved pornographic images from the internet and then saved them to his CD–ROMs.

■ Seventh, Anson challenges the sufficiency of the evidence showing that the pornographic images in his possession traveled in interstate commerce. Aside from his stipulation to this fact, the evidence showing that the computer hard drive and CD–ROMs contained pornographic images that were obtained from the internet constituted sufficient evidence to establish this element. *See, e.g., United States v. Sutcliffe,* 505 F.3d 944, 953 (9th Cir.2007) (" '[T]he Internet is an instrumentality and channel of interstate commerce.' " (quoting *United States v. Trotter,* 478 F.3d 918, 921 (8th Cir.2007) (per curiam))).

■ Eighth, Anson reiterates his contention that possession of child pornography is a lesser-included offense of receiving child pornography. *See United States v. Miller,* 527 F.3d 54, 72 (3d Cir.2008) (holding that possession of child pornography is a lesser-included offense of receipt of child pornography); *United States v.*

*Davenport,* 519 F.3d 940, 947 (9th Cir. 2008) (same); *but cf. United States v. Myers,* 355 F.3d 1040, 1043 (7th Cir.2004) ("Because possession and receipt are not the same conduct and threaten distinct harms, the imposition of different base offense levels is not irrational and therefore Myers' challenge must fail."). On that basis, he argues that his conviction of both offenses violated the Double Jeopardy Clause. *See generally Rutledge v. United States,* 517 U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996). Assuming *arguendo* that the possession of child pornography is a lesser-included offense of receiving it, Anson's argument is nevertheless unavailing. This is so because, if the jury based its *possession* conviction on a certain set of images and its *receipt* conviction on a different set of images, the jury's verdict would not run afoul of the Double Jeopardy Clause. Anson argues that the jury might not have separated the images when considering the charges against him and thereby convicted him impermissibly of both receipt and possession of the same images. We have held, however, that "[w]here the defendant believes that certain alternative bases on which the jury might rely are impermissible because of an insufficiency of evidence, he 'must request the trial judge not to submit the invalid basis to the jury or else the objection will be deemed waived.'" *United States v. Roman,* 870 F.2d 65, 72 (2d Cir.1989) (quoting *United States v. Washington,* 861 F.2d 350, 352 (2d Cir.1988)); *see also Washington,* 861 F.2d at 352–53 (applying this principle to a double-jeopardy claim involving thefts and the possession of proceeds from those thefts). Because Anson did not request an instruction that would have ensured that the jury did not consider an improper basis for his conviction, he has waived this Double Jeopardy claim.

Ninth, Anson's concerns that (1) a juror might have been affected by local media coverage of this prosecution and (2) the government might have used its peremptory challenges in an impermissible fashion rest on nothing more than speculation. We recognize that gaps in the trial transcript limit appellate counsel's ability to verify that nothing untoward occurred during voir dire. Nevertheless, Anson has not set forth a good faith basis for concern that such a lapse occurred, such as an affidavit from trial counsel so attesting. Accordingly, we grant Anson thirty days from the issuance of this order to file a letter brief setting forth his challenges, if any, to the selection of the jury by the District Court.

■ Tenth, Anson attacks his sentence on the grounds that it (1) is based, in part, on a lesser-included offense, (2) constitutes a disproportionate punishment in violation of the Eighth Amendment, and (3) is both procedurally and substantively unreasonable. None of these lines of attack has merit. As explained above, Anson does not stand convicted of a lesser-included offense, and his sentence will not be disturbed on that basis. With respect to his Eighth Amendment challenge, the Cruel and Unusual Punishment Clause "forbids only extreme sentences that are grossly disproportionate to the crime, and, with the exception of capital punishment cases, successful Eighth Amendment challenges to the proportionality of a sentence have been exceedingly rare." *United States v. Yousef,* 327 F.3d 56, 163 (2d Cir.2003) (internal quotation marks and citations omitted). Anson's sentence of 288 months' imprisonment and a lifetime term of supervised release is not "grossly disproportionate" to the seriousness of his offense, the harm inflicted on children to meet the demand for pornographic images, and the extent of his involvement, as measured by the more than 90,000 images of child pornography in Anson's collection.

We also see nothing unreasonable—either procedurally or substantively—in the sentence imposed by the District Court.

As explained above, we do not reach the legal question of whether possession of child pornography is a lesser-included offense of receipt. Nevertheless, we note the absence of an explanation for the District Court's decision to impose a consecutive sentence for Anson's possession of a computer containing child pornography (count 4). *See Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007) ("[The district court] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing."). Accordingly, we remand the case for reconsideration or explanation of the District Court's decision to impose a consecutive sentence on count 4.

For the foregoing reasons, we AFFIRM the judgment of the District Court and REMAND the case only for reconsideration or explanation of the District Court's decision to impose a consecutive sentence for Anson's possession of a computer containing child pornography (count 4). The mandate shall be held for thirty days from the filing of this order, so that Anson may file a letter brief setting forth his challenges, if any, to the manner in which the jury was selected by the District Court. If Anson elects not to make such a submission within thirty days, the mandate shall issue forthwith.