09-2388-cr
United States v. Anson

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8ᵗʰ day of August,  two thousand eleven,

Present:      ROSEMARY S. POOLER,
              ROBERT D. SACK,
              GERARD E. LYNCH,
                      *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                                        *Appellee*,

              -v-                              09-2388-cr

DONALD ANSON,

                                        *Defendant-Appellant*.

_____

Appearing for Appellant:      Lawrence Gerzog, New York, NY.

Appearing for Appellee:       Tiffany H. Lee, *of counsel*, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney, Rochester, NY.

Appeal from the United States District Court for the Western District of New York (Siragusa, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the case is **REMANDED** for further proceedings consistent with this Order.

Defendant-Appellant Donald Anson ("Anson") appeals from the re-imposition of his sentence issued on May 15, 2009, by Judge Charles J. Siragusa of the United States District Court for the Western District of New York. Anson was originally convicted following a jury trial of two counts of transporting child pornography in violation of 18 U.S.C. § 2252A(a)(1) (Counts 1 and 2), one count of receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) (Count 3), one count of possessing a computer that contained child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count 4), and thirty-eight counts of possessing child pornography that had been transported by a computer in violation of 18 U.S.C. § 2252A(a)(5)(B) (Counts 5 through 43). The district court sentenced Anson to a total of 288 months' imprisonment–240 months on Counts 1, 2, and 3, to be served concurrently with 120 months on Counts 5 through 43, and 48 months on Count 4, to be served consecutively.

This Court has previously addressed Anson's challenges to his conviction and sentence in *United States v. Anson*, 304 F. App'x 1 (2d Cir. 2008) (Summary Order) ("*Anson I*"). In that decision, we affirmed Anson's convictions, but remanded the case "for reconsideration or explanation of the District Court's decision to impose a consecutive sentence for Anson's possession of a computer containing child pornography (Count 4)." *Anson I*, 304 F. App'x at 7. On remand, the district court held a proceeding, in open court, in which it reaffirmed its decision to impose a consecutive sentence of 48 months for Count 4, relying on U.S.S.G. § 5G1.2(d) and 18 U.S.C. § 3584. Anson now appeals. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We have two sets of appellant briefs to consider–Anson's court-appointed lawyer's briefs, and Anson's pro se briefs. Anson's counseled briefs raises two objections: that the district court committed procedural error in relying on U.S.S.G. § 5G1.2(d) in deciding to impose the consecutive 48-month sentence, and that Anson's Sixth Amendment right to counsel was violated given that Attorney James J. Rizzo ("Rizzo") appeared for Anson, in Anson's absence, where Rizzo had been relieved from appellate representation two years prior to the court proceeding on remand. Anson's pro se brief also raises a series of challenges, which he will have an opportunity to raise to the district court on remand, given that we find that Anson was unwittingly left without representation at the hearing held to reconsider or explain his sentence.

The record shows that Attorney Rizzo was appointed counsel for Anson on September 14, 2006, after the completion of Anson's jury trial. W.D.N.Y., No. 04-cr-6180, Dkt. 137. Anson's first sentencing proceeding was held on January 19, 2007, at which time he was sentenced by the district court to a total of 288 months' imprisonment.[1] Anson, still represented by Rizzo, filed a notice of appeal with this Court. Approximately a month after the appeal was filed, Anson wrote a letter directed to Rizzo on April 5, 2007, explaining, inter alia, that he had

---

[1] During that proceeding, Anson expressed his wish to proceed pro se, but explained "I cannot go pro se. I never would have known how to do that or how it could have been done. If I did, I would have discussed it with Mr. Rizzo and would have had him do it. Legal counsel wouldn't tell me what the rules are and – the legal things." He further stated "[t]here's no way I can defend myself. I don't have the rules of the court. I don't know when things have to be filed properly."

not been able to reach him, that Rizzo had not responded to Anson's questions regarding his appeal, and that he intended to bring an ineffective assistance of counsel claim. After a further series of exchanges, Rizzo submitted a motion to this Court on April 23, 2007, requesting to be relieved from the responsibility of representing Anson on appeal. In the petition for substitution of counsel, Rizzo stated that "Mr. Anson has expectations about the prosecution of his appeal with which [Rizzo] does not agree, and Mr. Anson and [Rizzo] cannot effectively communicate any longer." On April 26, 2007, this Court granted the motion. *Anson I*, No. 07-0377, Dkt. 4/26/2007. Thus, approximately seven months after Rizzo was initially appointed, Rizzo was removed by court order as Anson's counsel. On his first appeal to this Court, Anson was represented by Attorney Katherine Alfieri ("Alfieri").

The record thereafter is silent as to how Rizzo came to represent Anson at the remand proceeding held on May 13, 2009, over two years after he had been relieved as counsel for Anson. The record indicates that Alfieri notified Anson only after the proceeding had concluded that he had been re-issued the same sentence. There is no explanation why Alfieri was not at that hearing, given that she was Anson's most recent appointed counsel. The only other evidence comes from the hearing itself, where the court noted the presence of Rizzo "on behalf of Mr. Anson." The court then asked Attorney Rizzo: "Mr. Rizzo, it's my understanding Mr. Anson did not want to come back, is that correct?" Rizzo replied "[t]hat is my understanding." The court noted that "Mr. Anson has expressed his desire not to return." The hearing thus proceeded, in open court, in the presence of the judge, the prosecuting attorney, and Rizzo, who had been relieved from representation. The court summarized the initial sentencing proceedings and relied on U.S.S.G. § 5G1.2(d) in deciding to impose a consecutive sentence. The court also reconsidered the factors under 18 U.S.C. § 3553 and concluded that "Count 4 and the 48 months the Court imposed on Count 4 should run consecutively to Counts 1, 2, and 3, which ran concurrently to Counts 5 through 43, resulting in a combined sentence that was imposed by the Court of 288 months."

At oral argument before this Court, the government asserted that it was unaware that Rizzo had been relieved as counsel (despite it being written on the docket for the initial appeal, *see Anson I*, No. 07-0377, Dkts. 4/23/2007, 5/31/2007). Similarly, the district court seemed unaware that Rizzo had been relieved, as evidenced by the court's decision to continue with the proceedings in the manner that it did, and in the absence of any notification on the district court docket sheet that Rizzo had been relieved as Anson's counsel. There is therefore no indication that this was a case in which the district court intentionally proceeded without counsel. Rather, this is a case in which all parties apparently believed that defendant's counsel should be present, and further believed, albeit mistakenly, that defendant *was* represented. We have every reason to believe that if either the government or Rizzo had pointed out the error to the court, the situation would have been corrected, and either the counsel on appeal or new counsel would have been called in to act on behalf of Anson. Under these circumstances, we think it appropriate, in the exercise of our supervisory authority, to correct the situation now, and direct that the proceeding be repeated with the counsel that the court understandably believed was present. Accordingly,

3

we need not here address the question of whether defendant had a constitutional right to representation that was denied.[2]

In remanding, we note that there are issues Anson raised before us, which could have been raised to the district court below, had he, or his counsel, received an opportunity to do so. In particular, Anson raises a potential change in controlling law in *United States v. Polouizzi,* 564 F.3d 142 (2d Cir. 2009), which was decided following our decision on appeal, but prior to Anson's re-sentencing proceeding. We also highlight our decision in *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010), which was issued after Anson's initial appeal and re-imposition of his sentence. There, we held that a within-Guidelines sentence of 240 months was both procedurally and substantively unreasonable. *Dorvee*, 616 F.3d at 182, 187. While we do not consider the merits of his claims here, we emphasize that Anson has not had an opportunity to present them to the district court. Indeed, we remanded the case for "*reconsideration* or *explanation*," *Anson I*, 304 F. App'x at 7 (emphasis added), which the district court fulfilled by deciding to hold a proceeding in open court, and there is nothing in the record to suggest that the court limited the attorneys present to the role of observers.

Accordingly, the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] We note, however, that the government's argument that "there is no legal support for the proposition that this Court's decision to appoint new counsel to represent Anson on his first appeal somehow disqualified Mr. Rizzo from all future representation" is misguided. If anything, the lack of direct legal support results from the oddity of what took place–an attorney who has been relieved by court order is typically not requested to appear again on behalf of the client he or she has been relieved from representing, unbeknownst to everyone present at the proceeding.