16-130-cr
*United States v. Hester*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand sixteen.

PRESENT:  GUIDO CALABRESI,
                     JOSÉ A. CABRANES,
                     RAYMOND J. LOHIER, JR.,
                                  *Circuit Judges.*

---

UNITED STATES OF AMERICA,

                     *Appellee,*                                          16-130-cr

                     v.

RICKY PATRICK HESTER,

                     *Defendant-Appellant,*

---

| | |
|---|---|
| **FOR APPELLEE:** | LAUREN B. SCHORR, Assistant United States Attorney (Brian R. Blais, Assistant United States Attorney, *on the brief*), *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY. |
| **FOR DEFENDANT-APPELLANT:** | PATRICK A. MULLIN, Law Offices of Patrick A. Mullin, Fort Lee, NJ. |

1

Appeal from an order of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED.**

Defendant-appellant Ricky Patrick Hester appeals from a judgment of conviction entered on January 6, 2016, after a jury found him guilty of receiving and distributing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(B) and (b)(1), and possessing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). The District Court sentenced Hester to 97 months' imprisonment.

On appeal, Hester argues that we should overturn his conviction because: (1) the District Court erred in permitting the government to produce excerpts from child pornography videos to the jury; (2) his conviction for receiving and distributing child pornography violated the Double Jeopardy Clause of the Fifth Amendment; (3) the District Court committed plain error in failing to give the jury a lesser-included offense instruction; (4) the government violated its duty under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150, 154 (1972); (5) the District Court erred in denying the admission of polygraph evidence; (6) the District Court erred in denying Hester's motion to suppress his confession; (7) participation of United States Army Criminal Investigation Command ("Army CID") agents in the search of Hester's dormitory room violated the Posse Comitatus Act, 18 U.S.C. § 1385; and (8) the District Court erred in denying Hester's motion for acquittal. We assume the parties' familiarity with the underlying facts and the procedural history of the case.

1. **The District Court Did Not Err in Permitting the Government to Produce Videos Containing Child Pornography to the Jury.**

Hester argues that the District Court erred in permitting the Government to show the jury two videos containing images of child pornography because the probative value of such evidence was substantially outweighed by the risk of unfair prejudice. *See* Federal Rule of Evidence 403. We disagree.

To establish that Hester committed the charged offenses, the government had to prove that the videos at issue "contain[ed] an image of child pornography." 18 U.S.C. §§ 2252A (a)(2)(B) and (a)(5)(B). The government has the "right to present evidence . . . to establish the 'human significance' of the fact and 'to implicate the law's moral underpinnings.'" *United States v. Polouizzi*, 564 F.3d 142, 153 (2d Cir. 2009) (quoting *Old Chief v. United States*, 519 U.S. 172, 187–88 (1997)). In other cases involving similar crimes, we have held that the admission of images of child pornography was not an abuse of discretion. *See, e.g., id.* at 152–53. The videos here do not compel a different ruling. Moreover, the government minimized the risk of unfair prejudice by selecting only

2

two videos (in addition to two still images) out of the more than one thousand files allegedly containing child pornography and by playing each video for only ten seconds.

## 2.  Hester Has Waived His Double Jeopardy Claim.

Hester contends that his two convictions, for receiving and distributing child pornography and for possessing child pornography, violated the Double Jeopardy Clause because possession of child pornography is a lesser-included offense of receiving child pornography and because the jury might have convicted him of both crimes based on the same images. *See, e.g.*, *United States v. Muhlenbruch*, 634 F.3d 987, 1004 (8th Cir. 2011) (finding a violation of the Double Jeopardy Clause where defendant's convictions for both possession and receipt of child pornography were based on the same conduct). Assuming *arguendo* that the possession of child pornography is a lesser-included offense of receiving and distributing it, we hold that Hester waived his Double Jeopardy claim by failing to request an instruction that directed the jury to base its receiving-and-distributing conviction on different images or videos than its possession conviction. *See United States v. Anson*, 304 Fed. App'x 1, 5–6 (2d Cir. 2008); *see also United States v. Roman*, 870 F.2d 65, 72 (2d Cir. 1989) (holding that "[w]here the defendant believes that certain alternative bases on which the jury might rely are impermissible because of an insufficiency of evidence, he 'must request the trial judge not to submit the invalid basis to the jury or else the objection will be deemed waived'" (quoting *United States v. Washington*, 861 F.2d 350, 352 (2d Cir. 1988))).

## 3.  The District Court Did Not Commit Plain Error By Failing to Give a Lesser-Included Offense Instruction.

Hester argues that the District Court erred in failing to instruct the jury that possession of child pornography is a lesser-included offense of receiving and distributing child pornography. Because Hester did not request that instruction from the District Court, we review his claim for plain error.[1] We conclude that there was no error, much less plain error.

Under federal law, "a defendant is entitled to a lesser-included offense instruction . . . only if (1) the elements of the lesser offense are a subset of the elements of the charged offense . . . and (2) the evidence at trial permits a rational jury to find the defendant guilty of the lesser offense and acquit him of the greater." *United States v. Diaz*, 176 F.3d 52, 101 (2d Cir. 1999) (internal citations omitted). Assuming again that the possession of child pornography is a lesser-included offense of

---

[1] Under a plain error review, a defendant must "demonstrate that (1) there was error, (2) the error was plain, (3) the error prejudicially affected his substantial rights, and (4) the error seriously affected the fairness, integrity or public reputation of judicial proceedings." *United States v. Cook*, 722 F.3d 477, 481 (2d Cir. 2013).

receiving and distributing it, Hester was not entitled to the instruction because no rational jury could have convicted him of possessing child pornography and acquitted him of receiving and distributing child pornography. Specifically, the government presented evidence that included: (1) nearly 100 emails from Hester's email account in which he sent and received child pornography; (2) files from Hester's Dropbox account where he shared child pornography with others; and (3) Hester's confession admitting to sending and receiving child pornography.

### 4. The Government Did Not Violate *Brady* or *Giglio*.

Under the Supreme Court's decisions in *Brady* and *Giglio*, the government is required to disclose all evidence that a defendant could use to impeach the credibility of a government witness. *United States v. Coppa*, 267 F.3d 132, 135 (2d Cir. 2001). Hester contends that the government violated that duty by failing to disclose that Homeland Security Investigations ("HSI") Special Agent Steven Cerutti had participated in a search that a district court in *United States v. Bershchansky*, 958 F. Supp. 2d 354 (E.D.N.Y. 2013), had found to be unreasonable. We disagree.

In affirming the District Court's decision in *Bershchansky*, this Court concluded that the search in which Special Agent Cerutti participated was unreasonable because "the agents could not have reasonably concluded that [the target] actually lived in Apartment 1 and that they were authorized to search Apartment 1" when the warrant clearly specified Apartment 2. *United States v. Bershchansky*, 788 F.3d 102, 112 (2d Cir. 2015). Neither court found that Special Agent Cerutti lied in his suppression hearing testimony or in the warrant affidavit, which a different agent drafted. *Id.* at 106. Because the incident in *Bershchansky* does not reflect on Special Agent Cerutti's character for truthfulness or indicate any bias against Hester, it was not impeachment evidence, *see United States v. Schwab*, 886 F.2d 509, 511 (2d Cir. 1989), and thus was not *Giglio* material.

### 5. The District Court Did Not Err in Denying The Admission of Polygraph Evidence.

Hester argues that the District Court erred in denying his motion to admit polygraph evidence in the form of an expert opinion. We disagree.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993), the Supreme Court held that Federal Rule of Evidence 702, "assign[ed] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." The District Court concluded that the polygraph evidence at issue in this case did not "have the hallmark of reliability." A. 92. While we have never held that polygraph evidence is *per se* inadmissible, we have upheld its exclusion on grounds that it may be unreliable, unfairly prejudicial, or misleading to the jury. *See United States v. Kwong*, 69 F.3d 663, 668 (2d Cir. 1995); *United States v. Rea*, 958 F.2d 1206, 1224 (2d Cir. 1992). No factors presented here convince us that Hester's test was "sufficiently reliable or sufficiently relevant to warrant admission." *Rea*, 958 F.2d at 1224.

6. **The District Court Did Not Err in Denying Hester's Motion to Suppress His Confession.**

The District Court denied Hester's motion to suppress the confession he gave to HSI Agents McManus and Appelbaum without the benefit of a *Miranda* warning, *see Miranda v. Arizona*, 384 U.S. 436 (1966), on grounds that Hester was not in custody during questioning and that Hester gave his statements voluntarily. We agree.

A defendant is in custody for purposes of *Miranda* "when a reasonable person in the defendant's position would have understood himself to be subjected to restraints comparable to those associated with a formal arrest." *United States v. Ruggles*, 70 F.3d 262, 265 (2d Cir. 1995) (internal quotation marks and citation omitted). The District Court held an evidentiary hearing on Hester's motion and found that Agents McManus and Appelbaum "credibly testified that the interview was not confrontational; defendant was not threatened, coerced, physically restrained, or denied access to an attorney during the interview; and defendant was not told there would be negative consequences if he refused to speak with [the agents]." A. 46. The District Court also concluded that "Agent McManus [ ] credibly testified [that] she told defendant he would be able to take a final exam later that day." *Id.* Based on those findings of fact, which we have no cause to disturb, we agree that no reasonable person would have considered himself or herself not free to leave, *see United States v. Mitchell*, 966 F.2d 92, 98 (2d Cir. 1992), or would have felt his or her will "overb[orne]," *see United States v. Kaba*, 999 F.2d 47, 51 (2d Cir. 1993).

7. **Hester Waived His Suppression Claim Premised on a Violation of the Posse Comitatus Act.**

Hester argues, for the first time on appeal, that the District Court erred in admitting evidence obtained during the search of his dorm room because the participation of Army CID agents violated the Posse Comitatus Act. He has waived this claim.

Federal Rule of Criminal Procedure 12(b)(3) requires parties to raise motions to suppress before trial. If a party does not meet that deadline, "the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Rule 12(c)(3); *see United States v. Yousef*, 327 F.3d 56, 124–25 (2d Cir. 2003). "A strategic decision by counsel not to pursue a claim, inadvertence of one's attorney, and an attorney's failure to timely consult with his client" do not constitute good cause. *Id.* at 125. While Hester did raise a motion to suppress prior to trial, he did not specifically address the Posse Comitatus Act. Because Hester fails to provide this Court with good cause why he failed to raise these grounds before trial, there has been a complete waiver of his claim.

8. **The District Court Properly Denied Hester's Motion for Acquittal.**

In challenging the sufficiency of the evidence, defendants "bear[ ] a heavy burden," as our "standard of review is exceedingly deferential." *United States v. Coplan*, 703 F.3d 46, 62 (2d Cir. 2012) (internal quotation marks omitted). We examine a defendant's challenge to the sufficiency of the evidence *de novo* and "affirm if the evidence, when viewed in its totality and in the light most favorable to the government, would permit any rational jury to find the essential elements of the crime beyond a reasonable doubt." *United States v. Yannotti*, 541 F.3d 112, 120 (2d Cir. 2008).

Hester asserts that the government introduced insufficient evidence for a jury to conclude that he, rather than his roommate, possessed, received, and distributed child pornography and that he possessed the requisite technical expertise to commit the crimes alleged. We disagree. First, viewing the evidence as a whole, we conclude that a rational jury could find that Hester, and not his roommate, knowingly possessed, received, and distributed child pornography. The government presented evidence from which a reasonable jury could infer that Hester controlled the email account, cell phone, and Dropbox account where child pornography files were stored, sent, and received. Second, we agree with the District Court that no special technological knowledge is needed to use an email account, cell phone, or Dropbox account.

## CONCLUSION

We have considered all of the arguments raised by defendant-appellant on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the January 6, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6