10-628-cr
United States v. Rosenberg

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of May, two thousand eleven.

PRESENT: REENA RAGGI,
RAYMOND J. LOHIER, JR.,
J. CLIFFORD WALLACE,[*]
*Circuit Judges.*

-----------------------------------------------------------------

UNITED STATES OF AMERICA,
*Appellee*,

v.                                                              No. 10-628-cr

DAVID ROSENBERG,
*Defendant-Appellant.*

-----------------------------------------------------------------

FOR APPELLANT:          Christina G. Cagnina, Law Offices of Christina G. Cagnina, Syracuse, New York.

FOR APPELLEE:           Lisa M. Fletcher, Assistant United States Attorney, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York.

---

[*] Circuit Judge J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

Appeal from the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of conviction entered on February 16, 2010, is AFFIRMED.

David Rosenberg, who stands convicted on pleas of guilty to one count of receipt and two counts of possession of child pornography, see 18 U.S.C. § 2252A(a)(2)(A), (5)(B), appeals his prison sentence – concurrent terms of 210 months on the receipt count and 120 months on the possession counts – as procedurally and substantively unreasonable. Our standard of review is abuse of discretion. See United States v. Cavera, 550 F.3d 180, 187-88 (2d Cir. 2008) (en banc). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Procedural Reasonableness

Rosenberg faults the district court for denying his request for a downward departure from his Guidelines range based on his mental condition. See U.S.S.G. § 5H1.3. "[A] refusal to downwardly depart is generally not appealable," unless "a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." United States v. Stinson, 465 F.3d 113, 114 (2d Cir. 2006) (internal quotation marks omitted); see also United States v. Valdez, 426 F.3d 178, 184 (2d Cir. 2005). Here, there is no question that the district court understood its departure authority because the record plainly shows that it considered, but rejected, Rosenberg's request. See Sentencing Tr. at 8. Although Rosenberg complains that the district court did not "adequately address" his

request, Appellant's Br. at 8, "we never have required a District Court to make specific responses to points argued by counsel in connection with sentencing," United States v. Bonilla, 618 F.3d 102, 111 (2d Cir. 2010), cert. denied, 131 S. Ct. 1698 (2011); see United States v. Scott, 387 F.3d 139, 143 (2d Cir. 2004) ("A district court is not obliged to give reasons for refusing to depart."). Moreover, the Sentencing Guidelines then in effect specified that, except as provided in § 5K2.13, "[m]ental and emotional conditions are not ordinarily relevant in determining whether a departure is warranted," U.S.S.G. § 5H1.3 (2009), and Rosenberg was ineligible for a departure based on diminished capacity, see id. § 5K2.13 ("[T]he court may not depart below the applicable guideline range if . . . the defendant has been convicted of an offense under chapter . . . 110 [Sexual Exploitation and Other Abuse of Children].").

To the extent Rosenberg contends that the district court failed adequately to consider the 18 U.S.C. § 3553(a) factors, "we presume, in the absence of record evidence suggesting otherwise," that a sentencing judge has faithfully discharged this duty. United States v. Fernandez, 443 F.3d 19, 30 (2d Cir. 2006). Contrary to Rosenberg's contention, the district court expressly stated that it had "considered the applicable sentencing guidelines, as well as the other factors listed in 18 U.S.C. § 3553(a)," Sentencing Tr. at 13, and concluded that, "[i]n light of all the required factors, . . . the purposes of 18 U.S.C. § 3553(a) are satisfied by a sentence within the guidelines," id. at 14-15. Rosenberg nevertheless complains that the district court gave "no consideration" to his "lack of recent criminal history," "attempts to get mental health counseling," "mental conditions," "attempts to provide his challenged

3

family with stability," "age," and "tenuous health." Appellant's Br. at 13. With the exception of age and health, which were not raised below, the district court specifically addressed the factors cited by Rosenberg, but concluded that his "unpredictable dangerous" nature, "violent criminal history," continuing mental health issues, "extremely vulnerable" family, and the demonstrable threat that he posed to children in general warranted a high-end Guidelines sentence. Sentencing Tr. at 13-14. In these circumstances, we identify no procedural error.

2.     <u>Substantive Reasonableness</u>

Despite the litany of factors recited by the district court in support of its within-Guidelines sentence, Rosenberg submits that his prison term was substantively unreasonable. We will set aside a district court's substantive determination only in "exceptional" cases where the sentence cannot be located within the range of permissible decisions. <u>United States v. Cavera</u>, 550 F.3d at 189; <u>accord</u> <u>United States v. Jones</u>, 531 F.3d 163, 174 (2d Cir. 2008) (recognizing that "in the great majority of cases, a range of sentences – frequently extending well beyond the narrow ranges prescribed by the Guidelines – must be considered reasonable"). This is not such a case.

Rosenberg submits that the factors relied upon by the district court in determining his sentence were based on "unsubstantiated," "unreliable," or "controverted" information. Appellant's Br. at 11. We are not persuaded. Afforded an opportunity to object to the presentence report, Rosenberg's counsel referenced only her presentence memorandum, which urged a mental health departure and opposed any enhancement of Rosenberg's criminal history, leaving any undetermined factual issues "to the Court's discretion."

4

Sentencing Tr. at 3. In these circumstances, the district court acted well within its discretion in adopting "the factual statements contained in the [presentence] report." Id. at 4; see United States v. Phillips, 431 F.3d 86, 93 (2d Cir. 2005) ("A district court satisfies its obligations to make the requisite specific factual findings when it explicitly adopts the factual findings set forth in the presentence report." (internal quotation marks omitted)).

Nor can we conclude that the district court accorded undue weight to Rosenberg's personal circumstances and the nature of his crimes, including the "disturbing story about killing his in-laws and molesting his eleven year old daughter," in concluding that the challenged sentence was necessary to provide adequate deterrence. Sentencing Tr. at 14; see 18 U.S.C. § 3553(a)(2)(B) (identifying deterrence as relevant sentencing factor); see also United States v. Cavera, 550 F.3d at 191 (observing that weight to assign factors generally left to district court's discretion). In light of the facts set forth by the district court at sentencing and in its Statement of Reasons, we conclude that "the sentence ultimately imposed is reasonable." United States v. Fernandez, 443 F.3d at 32; see also United States v. Jones, 531 F.3d at 174.

We have considered Rosenberg's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5