*12-4862-cr*
*United States v. Harris*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of December, two thousand thirteen.

Present:
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges,*
> SIDNEY H. STEIN,
> *District Judge.*[*]

_____

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                          12-4862-cr

MARCUS CARLOS HARRIS,

*Defendant-Appellant.*

_____

_____

[*] The Honorable Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

For Appellee: AMY BUSA and DARREN A. LAVERNE, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York (*on submission*).

For Defendant-Appellant: YUANCHUNG LEE, Federal Defenders of New York, Inc. (*on submission*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Marcus Carlos Harris appeals from a judgment of the United States District Court for the Eastern District of New York (Glasser, *J.*), convicting him, after a jury trial, of three counts of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and sentencing him to 210 months' imprisonment and a life term of supervised release. On appeal, Harris challenges (1) the district court's denial of his motion to suppress statements that he made to law enforcement personnel; (2) the district court's decision to permit the government to publish images of child pornography to the jury; (3) the district court's determination that downloading images from the Internet supported the "in commerce" element underpinning two of the counts charging Harris with receipt of child pornography; (4) the procedural reasonableness of his sentence due to the

district court's application of an obstruction-of-justice enhancement; and (5) the substantive reasonableness of his sentence due to the length of the term of imprisonment imposed. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

## I. Motion to Suppress

We review the district court's factual findings on a motion to suppress for clear error and its conclusions of law *de novo*. *See, e.g.*, *United States v. Elmore*, 482 F.3d 172, 178 (2d Cir. 2007). An evidentiary hearing on a motion to suppress "ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact . . . are in question." *In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 157, 165 (2d Cir. 2008) (internal quotation marks omitted). We review the district court's denial of a request for such a hearing for abuse of discretion. *See United States v. Levy*, 377 F.3d 259, 264 (2d Cir. 2004).

Harris argues that the district court erred in declining to hold an evidentiary hearing to determine whether he was in "custody" for purposes of *Miranda* when law enforcement officers questioned him as they executed a search warrant at his home. *See Miranda v. Arizona*, 384 U.S. 436, 444 (1966). "The test for custody is an

3

objective one: whether a reasonable person in defendant's position would have understood himself to be subjected to the restraints comparable to those associated with a formal arrest." *United States v. Newton*, 369 F.3d 659, 671 (2d Cir. 2004) (internal quotation marks omitted). Employing this objective test, we conclude that Harris failed to allege to the district court any facts supporting the conclusion that he was in "custody" when officers questioned him. In Harris's motion, his attorney simply asserted in an affidavit that Harris had not wanted officers to enter his home and that Harris was "kept in the living room" while officers searched his apartment. In his reply, Harris averred only that he had not permitted the officers entry, had not been informed of his *Miranda* rights, and "was not free to leave" during the search. Nowhere did Harris dispute the facts in the investigation report and submitted by the government that Harris's roommate voluntarily permitted the officers entry to the home, the officers did not draw their weapons, Harris was not restrained, and the officers did not tell Harris that he was required to answer their questions. As such, no hearing was required.

## II. Admission of Images of Child Pornography

We review a district court's balancing under Federal Rule of Evidence 403 for abuse of discretion. *United States v. Polouizzi*, 564 F.3d 142, 152 (2d Cir. 2009). The

4

"decision to admit or exclude evidence will not be overturned unless we conclude that the court acted arbitrarily or irrationally." *United States v. Thai*, 29 F.3d 785, 813 (2d Cir. 1994). The government generally has a right to present evidence, rather than accept a stipulation, in order to "tell [the jury] a story of guiltiness[,] . . . to support an inference of guilt, to convince the jurors that a guilty verdict would be morally reasonable[, and] . . . to point to the discrete elements of a defendant's legal fault." *Old Chief v. United States*, 519 U.S. 172, 187-88 (1997). However, "[i]n limited circumstances, the [g]overnment can be required to accept a stipulation by the defendant to a particular fact, rather than present evidence proving the stipulated fact." *United States v. Velazquez*, 246 F.3d 204, 211 (2d Cir. 2001).

Harris argues that the district court abused its discretion by admitting a video clip and still image of child pornography recovered from his home because he had offered to stipulate that the images were child pornography. Thus, Harris argues that the probative value of the images was substantially outweighed by the risk of unfair prejudice to him. This argument is without merit. While Harris may not have contested that the images were child pornography, the images were still probative of whether Harris *knew* that the images were child pornography given the youth of the minors depicted. Moreover, the risk of unfair prejudice was minimized

by the brevity of the video clip presented and the district court's decision to admit only one of five still images. Accordingly, we find no abuse of discretion in the district court's decision to admit the images.

### III. Sufficiency of Evidence

We review *de novo* challenges to the sufficiency of the evidence. *United States v. Rangolan*, 464 F.3d 321, 324 (2d Cir. 2006). Harris argues that the district court erred in concluding that the "in commerce" element of the pre-October 2008 version of 18 U.S.C. § 2252(a)(2), in effect when Harris committed the charged offenses, is satisfied by the sole fact that child pornography was transmitted over or received from the Internet. Because the government relied upon Harris's receipt of the relevant images from the Internet to prove this element, he asserts, it failed to establish his guilt on Counts One and Two.[1] We have little difficulty rejecting this argument.

The pre-October 2008 version of 18 U.S.C. § 2252(a)(2) required the government to establish, *inter alia*, that child pornography had been "transported in interstate . . . commerce." 18 U.S.C. § 2252(a)(2) (2003). This Court has previously

---

[1] Harris does not challenge the sufficiency of the evidence with respect to Counts Three and Four, for which he received concurrent sentences of 210 months' imprisonment and a lifetime term of supervised release.

determined that use of the Internet satisfies such a requirement. *See United States v. Rowe*, 414 F.3d 271, 279 (2d Cir. 2005) (holding that publication of an advertisement on the Internet to trade child pornography amounted to an "offense involving . . . transportation in interstate . . . commerce" for purposes of 18 U.S.C. § 3237(a)); *United States v. Anson*, 304 F. App'x 1, 5 (2d Cir. 2008) (summary order) (affirming conviction for transporting, receiving, and possessing child pornography under the pre-October 2008 version of 18 U.S.C. § 2252(a)(2) because the images at issue were "obtained from the [I]nternet," which constituted sufficient evidence to establish the "in commerce" element). The First, Third, Fifth, and Sixth Circuits have reached the same determination. *See United States v. MacEwan*, 445 F.3d 237, 244 (3d Cir. 2006) (discussing 18 U.S.C. § 2252(a)); *United States v. Runyan*, 290 F.3d 223, 239 (5th Cir. 2002) (discussing 18 U.S.C. § 2251); *United States v. Carroll*, 105 F.3d 740, 742 (1st Cir. 1997) (same); *United States v. Mellies*, 329 F. App'x 592, 605 (6th Cir. 2009) (unpublished decision) (discussing 18 U.S.C. § 2252(a)); *but see United States v. Schaefer*, 501 F.3d 1197 (10th Cir. 2007).

This conclusion makes perfect sense. As the Third Circuit stated, "because of the very interstate nature of the Internet, once a user submits a connection request to a website server or an image is transmitted from the website server back to user,

the data has traveled in interstate commerce." *MacEwan*, 445 F.3d at 244. Accordingly, we conclude that the government satisfied its burden of proof on the "in commerce" element of 18 U.S.C. § 2252(a)(2).

### IV. Obstruction-of-Justice Enhancement

"On review of a district court's decision to enhance a defendant's sentence for obstruction of justice, we accept the court's findings of fact unless they are clearly erroneous." *United States v. Agudelo*, 414 F.3d 345, 348 (2d Cir. 2005). "We review *de novo* a ruling that the established facts constitute obstruction of justice, giving due deference to the district court's application of the guidelines to the facts." *Id.* (internal quotation marks omitted). A district court commits "procedural error where it fails . . . adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (*en banc*).

Section 3C1.1 of the United States Sentencing Guidelines (the "Guidelines") instructs district courts to increase an offense level by two levels if "the defendant willfully . . . attempted to obstruct or impede . . . the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction," and "the obstructive conduct related to . . . the defendant's offense of conviction and any relevant conduct . . . ." An enhancement for obstruction of

8

justice is appropriate when a defendant "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993). We have held that this enhancement may be imposed based on the defendant's perjurious statements where the district court makes a finding that "the defendant's statements unambiguously demonstrate[d] an intent to obstruct." *United States v. Savoca*, 596 F.3d 154, 159 (2d Cir. 2010).

Harris argues that the district court failed adequately to support its application of the obstruction-of-justice enhancement. However, Harris's Presentence Report ("PSR") recommended that the court apply the enhancement due to Harris's "perjurious" testimony at trial, laid out the requisite standard for applying the enhancement, and detailed Harris's relevant conduct and the evidence supporting application of the enhancement. Prior to sentencing, both Harris and the government submitted arguments concerning the enhancement, and the district court permitted both parties to argue the point at sentencing, at which time the court stated its agreement with the PSR and the government's position. In addition, subsequent to sentencing, the court adopted the PSR's recommendations in its Statement of Reasons. *See United States v. Johns*, 324 F.3d 94, 98 (2d Cir. 2003)

(determining that district court had fulfilled its procedural obligations in imposing an obstruction-of-justice enhancement when the court adopted the PSR's "detailed and explicit" findings). Based on these circumstances, we conclude that the district court sufficiently supported its application of the enhancement and reject Harris's argument to the contrary.

*V. Substantive Reasonableness*

We review the reasonableness of a challenged sentence "under a deferential abuse-of-discretion standard," *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (internal quotation marks omitted), and reject sentences "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions," *United States v. Mason*, 692 F.3d 178, 181 (2d Cir. 2012) (internal quotation marks and citations omitted). Harris's sentence does not present such a case. *See United States v. Rosenberg*, 423 F. App'x 54, 55 (2d Cir. 2011) (affirming sentence of 210 months' imprisonment for receipt and possession of child pornography). Harris asserts that he was "merely a consumer" of child pornography and that a Guidelines sentence of 210 months' imprisonment is disproportionate to his crime, particularly in light of our decision in *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010). Instead, Harris asserts, the mandatory minimum

sentence of fifteen years' imprisonment would have satisfied the purposes of sentencing identified in 18 U.S.C. § 3553(a).

Harris's argument is misguided. In *Dorvee*, we deemed a 240-month sentence for a first-time offender substantively unreasonable where the offender had no criminal history, possessed approximately 100 to 125 offending images, accepted responsibility for his offense, and where, in addition, sentencing was procedurally flawed and the district court assumed without basis that the defendant was likely to offend again. *Id.* at 181-84. By contrast, Harris has a lengthy criminal history, including a previous conviction for sexually abusing a minor. He also sought out thousands of images on paid-membership sites and refused to accept responsibility for his crime, instead denying the allegations at trial. In light of these factors, the district court determined that a 210-month term of imprisonment was necessary to reflect the seriousness of Harris's crimes and promote respect for the law - a determination well "within the range of permissible decisions" available to the court.

## VI. Conclusion

We have considered Harris's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
